UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TFHSP LLC SERIES 605, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-1782-B |
| | § | |
| LAKEVIEW LOAN SERVICING, LLC | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Remand (doc. 3) filed by Plaintiff TFHSP LLC Series 605 on May 29, 2014. For the reasons stated below, the Court **GRANTS** the Motion and **REMANDS** this case to the 44th Judicial District Court of Dallas County, Texas.

I.

BACKGROUND

This case arises out of a suit to quiet title brought by Plaintiff TFHSP LLC SERIES 605 against Defendant Lakeview Loan Servicing, LLC in the 44th Judicial District Court of Dallas County, Texas on April 3, 2014. Doc. 1, Not. of Removal, Ex. A., Pl.'s Orig. Pet. 1. The property that is the subject of this lawsuit is located at 7340 Skillman Street, No. 605, Dallas, Texas (the "Property"). Doc. 3, Pl.'s Mot. 1. In its Amended Petition, filed in state court on April 14, 2014, Plaintiff asserts that it purchased the Property from a condominium association that had foreclosed on the Property's lien. Not. of Removal, Ex. A., Pl.'s Am. Pet. 2. A deed of trust in favor of Bank of America had been recorded at the time Plaintiff acquired the Property. *Id.* Following the purchase,

a record of an assignment of the deed of trust in favor of Defendant was discovered. *Id.* Plaintiff states that it sought to determine whether Defendant claimed an ownership interest in the note and deed of trust and that it informed Defendant of its intent to protect its interest in the Property. *Id.* Plaintiff further inquired as to the status of the note, advising Defendant that it wishes to cure any default or discharge any indebtedness that may have arisen. *Id.* Because Defendant did not respond to these inquiries, Plaintiff filed this action in state court, requesting that Defendant be required to provide an accounting of all sums due and owing under the note secured by the deed of trust as well as an opportunity to cure any default. *Id.* Alternatively, Plaintiff alleged that the note had been discharged. *Id.* at 3. Plaintiff further contended that Defendant is not the owner of the note secured by the deed of trust and that Plaintiff's acquisition of the Property terminated any interest Defendant may have had in it. *Id.* Plaintiff thus requested that the court enter judgment making the determination that Defendant does not have an interest in the deed of trust. *Id.* Additionally, Plaintiff claimed that Defendant has proceeded to foreclose on the Property and that such foreclosure would be invalid if it were to occur. *Id.*

Defendant removed this action to this Court on May 15, 2014, alleging that subject matter jurisdiction is supported by the parties' diversity of citizenship and stating that the amount in controversy exceeds $75,000, exclusive of interest and costs, as contemplated by 28 U.S.C. § 1332. Not. of Removal 1–3; *See* U.S.C. § 1332(a). Plaintiff filed the present Motion to Remand on May 29, 2014, arguing that Defendant has failed to establish that the amount in controversy exceeds $75,000. Pl.'s Mot. 2–3. On May 30, 2014, Defendant filed its Response to Plaintiff's Motion to Remand, insisting that the amount in controversy does exceed $75,000 and claiming that Plaintiff failed to comply with Northern District of Texas Local Civil Rule 7.1(a) by not conferring with

Defendant prior to filing its Motion to Remand. Doc. 4, Def.'s Resp. 1–3. The Motion to Remand is now ripe for the Court's review.

## II.

## LEGAL STANDARD

28 U.S.C. § 1441(a) allows for the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." When questions of federal jurisdiction arise, a federal court must presume that a suit falls outside its jurisdiction because the jurisdiction of federal courts is limited. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Accordingly, in an action that has been removed from state court, the removing party bears the burden of establishing federal jurisdiction. *De Aguilar v. Boeing Co.*, 47 F.3d 1401, 1408 (5th Cir. 1995). Any doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). In diversity cases, the citizenship of each plaintiff must be diverse from the citizenship of each defendant, and the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). The removing party must allege diversity both at the time of the original filing of the suit in state court and at the time of removal. *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993).

The amount in controversy is determined at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). In determining whether the amount in controversy requirement is satisfied, the Court looks first to whether the plaintiff alleges a specific amount of damages in the petition. *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003). Where the plaintiff has in good faith alleged a sum certain that exceeds the requisite amount in controversy, that amount controls. *De Aguilar*, 47 F.3d at 1408. The court will only dismiss such a claim for lack

of jurisdiction if it appears to a legal certainty that the claim is actually for less than the jurisdictional amount. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

Where, on the other hand, the plaintiff does not allege a particular sum in damages, the removing party must prove by a preponderance of the evidence that the amount of the claim will exceed the jurisdictional minimum. *De Aguilar*, 47 F.3d at 1412; *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In making this determination, the Court must first assess whether it is "facially apparent" from the plaintiff's operative complaint, filed in state court, that damage claims exceed $75,000. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Allen*, 63 F.3d at 1335. If it is not facially apparent that the claims exceed $75,000, the removing party may provide "summary judgment-type" evidence to demonstrate that the claims exceed the necessary amount in controversy. *Id.* If a defendant meets its burden of establishing the jurisdictional amount, then the plaintiff must show that as a matter of law it is certain its claims actually amount to less than $75,000, usually by either filing a binding stipulation or affidavit with its petition. *De Aguilar*, 47 F.3d at 1412.

## III.

## ANALYSIS

Plaintiff asserts that remand is proper because Defendant has failed to establish that the amount in controversy exceeds $75,000. Pl.'s Mot. 2–3. Defendant disagrees with respect to the amount in controversy and further adds that remand should be denied because Plaintiff failed to comply with the Certificate of Conference requirement of Northern District of Texas Local Civil Rule 7.1(a). Def.'s Resp. 1–3.

A.      *Amount in Controversy*

Plaintiff does not dispute the diversity of the parties' citizenship, but rather insists that the action must be remanded because the amount in controversy does not exceed $75,000, as required pursuant to 28 U.S.C. § 1332(a)(1). Pl.'s Mot. 2–3.[1] In support of its argument, Plaintiff presents a copy of the deed of trust recorded on the Property (the "Deed of Trust"), executed on February 26, 2007, which secures a note in the sum of $50,750. Pl.'s Mot., Ex. A, Deed of Trust. Plaintiff also provides records from the Dallas County Appraisal District indicating that the market value of the Property in 2013 amounted to $51,340.00. *Id.*, Ex. B, Dallas Central Appraisal District: Account History 3. In response, Defendant asserts that it is facially apparent from Plaintiff's state court pleadings that the amount in controversy exceeds $75,000. Def.'s Resp. 3. Specifically, Defendant relies on Plaintiff's Amended Petition filed in state court, which states that "[t]his suit concerns title to property, the value of which is under $200,000." *Id.* (quoting Not. of Removal, Ex. A, Pl.'s Am. Pet. 2). Plaintiff included this allegation in its Amended Petition pursuant to Texas Rule of Civil Procedure 47, which requires parties to choose among several ranges of damages but does not require a statement of the exact amount of damages sought. Not. of Removal, Ex. A, Pl.'s Am. Pet. 2; Tex. R. Civ. P. 47(c).

The Court first remarks that Plaintiff's state court pleadings do not allege a particular sum of damages, thus prompting the removing party to prove by a preponderance of the evidence that the amount of the claim will exceed the jurisdictional minimum. *See De Aguilar*, 47 F.3d at 1412;

---

[1] In its Notice of Removal, Defendant asserts that Plaintiff is a limited liability company and a citizen of Texas and that Defendant is a limited liability company and a citizen of Florida. Not. of Removal 2.

*Allen*, 63 F.3d at 1335. Turning to Defendant's argument that Plaintiff's request for damages does satisfy the amount in controversy requirement, the Court observes that Defendant's reasoning is based on a technical and strained interpretation of Texas Rule of Civil Procedure 47. Rule 47(c) requires a party claiming relief to elect the damages sought from the following scale: (1) monetary relief of $100,000 or less; (2) monetary relief of $100,000 or less and non-monetary relief; (3) monetary relief over $100,000 but not more than $200,000; (4) monetary relief over $200,000 but not more than $1,000,000; or (5) monetary relief over $1,000,000. Tex. R. Civ. Pro. 47(c). Defendant argues that because Plaintiff did not elect an option requesting less than $100,000, as listed under subsections (1) and (2) of Rule 47(c), it has admitted that it seeks over $100,000 and thus satisfies the federal amount in controversy requirement. Def.'s Resp. 3.

Defendant has not demonstrated by a preponderance of the evidence that the amount in controversy exceeds $75,000. Had Plaintiff clearly selected a form of relief enumerated in Texas Rule of Civil Procedure 47(c) that exceeds $75,000, it would have been facially apparent that the damages requested satisfy the jurisdictional requirement. For example, if Plaintiff had designated the option listed under Rule 47(c)(3), which calls for "monetary relief over $100,000 but not more than $200,000," the Court would have been able to conclude that the amount in controversy exceeds the $75,000 requirement, assuming Plaintiff stated its request for damages in good faith. However, Plaintiff did not clearly select one of the five categories listed under Rule 47(c), but rather stated that its "suit concerns title to property, the value of which is under $200,000." Not. of Removal, Ex. A, Pl.'s Am. Pet. 2. The Court recognizes that Plaintiff has failed to select one of the clearly outlined forms of relief pursuant to Texas Rule of Civil Procedure 47(c). However, the Court is unable to

correct Plaintiff's mistake and infer that it seeks over $100,000 in damages; rather, this creates an ambiguity with respect to the amount in controversy that must be resolved against federal jurisdiction and in favor of remanding the case to state court. *See Acuna*, 200 F.3d at 339. Moreover, the Court observes that an allegation that the suit concerns "title to property, the value of which is under $200,000" is not synonymous to a claim that the party is seeking "at least $75,000, exclusive of interest and costs," as required to establish diversity jurisdiction. *See Wilson v. JPMorgan Chase Bank, Nat'l Ass'n*, 4:13-CV-877-A, 2013 WL 5952576, at *3 (N.D. Tex. Nov. 7, 2013) (finding that "an allegation that a party is seeking 'monetary relief of $100,000 or less' is not tantamount to a claim that the party is seeking 'at least $75,000'"). Thus, the Court is unpersuaded by Defendant's argument that Plaintiff's request for damages is facially apparent and in excess of the jurisdictional requirement.

Defendant's filings provide no other information or evidence to demonstrate that the claim exceeds the necessary amount in controversy. As previously noted, Plaintiff's Motion to Remand includes a copy of the Property's Deed of Trust securing a note in the sum of $50,750, as well as records from the Dallas County Appraisal District indicating that the market value of the Property in 2013 amounted to $51,340.00. Pl.'s Mot., Ex. A, Deed of Trust; Ex. B, Dallas Central Appraisal District: Account History 3. Defendant presents no evidence or argument disputing these records or otherwise asserting that the amount in controversy is not the amount reflected in the Deed of Trust or the Property's market value. Since this is an action to quiet title to the Property, the Court considers the evidence presented by Plaintiff as clearly demonstrating that the amount in controversy is below $75,000. Because Defendant's argument as to Plaintiff's statement of its

damages in its state court petition is unpersuasive, and because Defendant fails to otherwise show by a preponderance of the evidence that the amount in controversy exceeds $75,000, the Court finds that the amount in controversy in this action is insufficient to support diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Therefore, the Court **GRANTS** Plaintiff's Motion to Remand.

B.      *Compliance with Local Rule 7.1(a)*

Defendant further alleges that Plaintiff failed to comply with Northern District of Texas Local Civil Rule 7.1(a) because it did not confer with Defendant prior to filing the present Motion to Remand and because it did not provide a certificate of conference along with its Motion to the Court. Def.'s Resp. 1–2. Defendant asks the Court to deny Plaintiff's Motion to Remand on this basis. *Id.* at 2.

Rule 7.1(a) provides that:

> Before filing a motion, an attorney for the moving party must confer with an attorney for each party affected by the requested relief to determine whether the motion is opposed. Conferences are not required for motions to dismiss, motions for judgment on the pleadings, motions for summary judgment, motions for new trial, or when a conference is not possible.

N.D. Tex. Civ. R. 7.1(a).

Although Defendant fails to cite any authority for its request that the Motion to Remand be denied due to Plaintiff's failure to comply with Local Rule 7.1(a), the Court acknowledges that violations of the Local Rules are taken seriously. *See Ramirez v. Abreo*, Nos. 5:09-CV-190-C, 5:09-CV-189-C, 2011 WL 6205910, at *1 (N.D. Tex. Jan. 28, 2011) (denying motions because they did not contain a certificate of conference as required by Local Rule 7.1(a)); *Marshall v. Fulton*, Nos. 3:08-CV-1921-L, 3:09-CV-0233-L, 2010 WL 3664040, at *3 (N.D. Tex. Sept. 17, 2010) (declining

to sanction party for failure to comply with Local Rule 7.1(a), but admonishing party that it will face sanctions if it fails to comply in the future). However, despite the importance of complying with the Local Rules and the necessity of conferring with opposing counsel when submitting motions to the Court, as conceived by Local Rule 7.1(a), the Court declines to decide the merits of a motion based on a party's failure to provide a certificate of conference. The conference requirement is intended to promote efficiency and communication among parties, but it cannot support a denial of a motion to remand when federal subject matter jurisdiction is otherwise unwarranted. The Court therefore rejects Defendant's argument with respect to Plaintiff's failure to comply with the Local Rules, but admonishes Plaintiff to comply with Local Rule 7.1(a) in the future.

## IV.

## CONCLUSION

Because this case involves an amount in controversy that does not exceed the requisite jurisdictional amount, Defendant's assertion of diversity jurisdiction and removal of this action to federal court was improper. Accordingly, Plaintiff's Motion to Remand (doc. 3) is **GRANTED** and this action is **REMANDED** to the 44th Judicial District Court of Dallas County, Texas.

SO ORDERED.

DATED November 3, 2014

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE